**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**IN RE:**

**RUTHELLEN W. RICKERSON,**   Bankruptcy No. 21-10315-TPA

        **Debtor.**   Chapter 11
                                        (Subchapter V Small Business)

                                        Document No.

## SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS

This concise summary of the Plan, consistent with *Local Rule 3016-2*, describes with particularity the treatment of each class of Creditors and the source of funding for the Plan.

The Plan proposes to pay the Debtor's creditors from the ongoing earnings of the Debtor. The Debtor has consistently earned between $165,000 and $175,000 from her employment as a medical doctor. It is anticipated that these earning will remain consistent during the life of the proposed Plan.

The Plan provides for the following classes of claims and interests for priority claims, secured claims, general unsecured claims, and equity interests:

| Class # | Class Description | Impaired or Unimpaired | Plan Section |
|---|---|---|---|
| 1 | Administrative | Impaired | 2.1.1 |
| 2 | Priority | Unimpaired | 2.1.2 |
| 3 | Secured Real Estate Tax Claim | Unimpaired | 2.2.1 |
| 4 | Secured National Loan Investor Claim | Impaired | 2.2.1 |
| 5 | Secured claims of Pa. Dept. of Rev. and IRS | Impaired | 2.2.1 |
| 6 | Secured claims of vehicles | Unimpaired | 2.2.1 |
| 7 | General Unsecured | Impaired | 2.2.3 |
| 8 | Convenience Class Unsecured | Impaired | 2.2.3 |

The Plan proposes to pay administrative and priority claims in full unless otherwise agreed. The Debtor estimates approximately 5% will be paid on account of general unsecured claims pursuant to the Plan.

The specific treatment of the classes of claims and interest are set forth in Article 2 of the Plan.

Only holders of Allowed Claims in a class identified as impaired may vote on whether to accept or reject the Plan. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. Also, a class of Equity Interest holders accepts the Plan when at least two-

thirds (2/3) in amount of the allowed Equity Interest holders that actually vote, vote in favor of the Plan.  A class that is not impaired is deemed to accept the Plan.

Respectfully submitted,

Date: <u>August 31, 2021</u>

/s/ *David L. Fuchs*
DAVID L. FUCHS
PA I.D. #205694
554 Washington Ave, First Floor
Carnegie, PA  15106
(412) 223-5404 (phone)
(412) 223-5406 (facsimile)
dfuchs@fuchslawoffice.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | |
|---|---|
| **RUTHELLEN W. RICKERSON,** | Bankruptcy No. 21-10315-TPA |
| **Debtor.** | Chapter 11<br>**(Subchapter V Small Business)** |
| | **Document No.** |

### CERTIFICATE OF SERVICE

David L. Fuchs hereby certifies, that on the 31st day of August, 2021, a true and correct copy of the foregoing **SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS** was served upon the following *(via electronic service and/or First Class Mail):*

Norma Hildenbrand
Office of the United States Trustee
Suite 970 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222
Norma.L.Hildenbrand@usdoj.gov

John C. Melaragno, Trustee
502 West 7th Street.
Erie, PA 16502
johnm@mplegal.com

Complete Creditor Matrix

| | |
|---|---|
| Date: August 31, 2021 | */s/ David L. Fuchs*<br>DAVID L. FUCHS<br>PA I.D. #205694<br>Fuchs Law Office, LLC<br>554 Washington Ave, First Floor<br>Carnegie, PA  15106<br>(412) 223-5404 (phone)<br>(412) 223-5406 (facsimile)<br>dfuchs@fuchslawoffice.com |